PEOPLE v STOMPS #2

CRIMINAL LAW—PLEA OF GUILTY—AGREEMENTS—RECORD.
  A plea of guilty was taken in accordance with the general court
  rule requiring disclosure on the court record of any agreement
  between the prosecutor and the defendant or his lawyer, where
  the transcript shows clearly that the judge fully developed all
  areas of the agreement (GCR 1963, 785.7[2]).

Appeal from Macomb, George R. Deneweth, J. Submitted Division 1 November 14, 1974, at Lansing. (Docket No. 19870.) Decided January 29, 1975.

David Mark Stomps was convicted, on his plea of guilty, of breaking and entering an unoccupied dwelling. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *George N. Parris,* Prosecuting Attorney, *Thaddeus F. Hamera,* Chief Appellate Lawyer, and *Stephen F. Osinski,* Assistant Prosecuting Attorney, for the people.

*Edward J. Mijak,* for defendant on appeal.

Before: BRONSON, P. J., and D. E. HOLBROOK and V. J. BRENNAN, JJ.

PER CURIAM. The defendant was originally charged with breaking and entering an occupied dwelling (MCLA 750.110; MSA 28.305). He pled

REFERENCES FOR POINTS IN HEADNOTE
21 Am Jur 2d, Criminal Law §§ 485, 487, 492–496.
Enforceability of plea agreement or plea entered pursuant thereto, with prosecuting attorney involving immunity from prosecution for crimes. 43 ALR3d 281.

guilty to the added offense of breaking and entering an unoccupied dwelling (MCLA 750.110; MSA 28.305). The trial judge sentenced him to 4 to 10 years in prison on November 26, 1973, to run concurrently with another sentence in another case given defendant the same day. The defendant appeals as of right.

Defendant claims the trial judge, the Honorable George R. Deneweth, did not take the plea in accordance with the requirements of GCR 1963, 785.7(2). The following excerpts clearly show the judge fully developed all areas:

*"Mr. Sulek [assistant prosecutor]:* May it please the court, this is People versus David Mark Stomps, Criminal File C-73-609.

"The defendant was arraigned before this honorable court on September 18, 1973. Bond in the amount of one thousand dollars was set and not furnished. The charge of *[sic]* breaking and entering an occupied dwelling, a violation of M.S.A. 28.305.

"Your Honor, the defendant is present before the court represented by counsel, Mr. Ronald Haerens.

"The people at this point would like to enter a motion and add count two, being breaking and entering of an unoccupied dwelling, for the reasons that the defendant has already pled guilty to attempted breaking and entering on court file C-73-282.

"Further, that file C-73-677 is currently pending and, as part of the plea process, that file would be dismissed.

"Further, your Honor, it is my understanding that Ronald Haerens will waive the formal production of an amended information and a reading thereof.

*"Mr. Haerens [defense counsel]:* Yes, your Honor, that is right.

*"The Court:* All right. You are asking then to add count two to file C-73-609, which would be breaking and entering, and reducing it from a ten-year to fifteen-year felony?

*"Mr. Sulek:* From fifteen to ten.

"*The Court:* I am sorry. Fifteen to a ten. And Sergeant Hanna, you are in charge of this matter are you not?

"*Officer:* Yes, sir.

"*The Court:* I am sure you know much more about this thing than I do. What is your feeling with regard to the addition of count two or the whole arrangement that has been worked out?

"*Officer:* I think, considering perhaps the defendant's age, and circumstances of the cases involved, I agree with the addition of the second count.

"*The Court:* You would think it would be in order?

"*Officer:* I do.

"*The Court:* Okay, under those circumstances, I will accept it, if there is no objection.

"*Mr. Haerens:* No objection, your Honor.

"*The Court:* How does the defendant plead to count one?

"*Mr. Haerens:* Your Honor, I am advised by my client he will plead guilty to count two.

"*The Court:* I would like to ask him some questions on the record.

"*Mr. Haerens:* Yes, your Honor.

\* \* \*

"*The Court:* You do have a prior criminal record because, as a matter of fact, you have been convicted by a plea in this Court now of attempted B and E, isn't that right?

"*Respondent [defendant]:* Yes.

"*The Court:* You are awaiting sentence on that charge at the present time, is that correct?

"*Respondent:* Yes.

"*The Court:* It is also my understanding that the one you are pleading guilt *[sic]* to, now, was committed while you were out on bond on the other one?

"*Respondent:* Yes.

"*The Court:* You understand that these sentences could run consecutively?

"*Respondent:* Yeah.

"*The Court:* Do you also understand that, as part of the plea bargaining process here, that the prosecutor

has agreed to recommend to this court that these sentences run concurrently rather than consecutively. Do you understand that?

"*Respondent:* Yes.

"*The Court:* Do you have any charges pending against you?

"*Respondent:* Yes.

"*The Court:* Well, you have possession of a stolen motor vehicle, C-73-677. You have one in District Court?

"*Respondent:* Yes.

"*The Court:* What is that?

"*Respondent:* Possession of a stolen motor vehicle.

"*Mr. Sulek:* I believe it is UDAA, your Honor.

\* \* \*

"*The Court:* Do you understand that the only promises that have been made here today are that the charges concerning the possession of a stolen motor vehicle, the UDAA, unlawfully driving away an automobile, are to be dropped, and therefore Ronald Haerens and the prosecution have reduced this breaking and entering, cutting it from a fifteen to a ten-year felony, and that the prosecution is going to recommend to this court that you serve your sentence in those two cases, the one you are convicted on as well as this one, concurrently rather than consecutively. Do you understand that?

"*Respondent:* Yes."

The defendant raises other issues that this Court, having reviewed the record and transcript, finds to be without merit.

Conviction affirmed.[1]

---

[1] This case was consolidated and heard together with defendant's appeal in #19871. We have chosen, however, to issue separate opinions in each of these cases. Also, a review of our Supreme Court's recent opinion in *People v Shekoski,* 393 Mich 134; 224 NW2d 656 (1974), as applied to these facts does not require a different holding.